ROBERTSON, Justice,
for the Court:
Sharon Wilson has been convicted in the Circuit Court of Carroll County, First Judicial District, of the crime of embezzlement and has been sentenced to three years in the custody of Mississippi Department of Corrections. On June 26, 1984, she perfected her appeal to this Court. See Rule 48, Miss.Sup.Ct.R.
The matter is here today on Wilson’s motion for an enlargement of time within which to review and examine of the court reporter’s notes for proposed corrections and suggestions. The motion was denied by the Circuit Judge on grounds that the Circuit Court had lost jurisdiction of the matter. Appellant Wilson applies here for the same relief she had sought and was denied in the court below.
We are of the opinion that the question presented is one within the concurrent jurisdiction of this Court and of the Circuit Court. Thus, the Circuit Court had the authority to entertain Wilson’s motion.
By way of analogy, this Court has recognized its authority over trial court reporters respecting matters relating to the preparation and filing of the trial transcript. *729 Brown v. City of Water Valley, 319 So.2d 649, 651 (Miss.1975). We have also recognized the authority of the trial court to grant the court reporter an extension of time to complete the transcript after the appeal has been perfected. Haralson v. State, 308 So.2d 222, 223 (Miss.1975); State v. Autry, 236 Miss. 316, 320, 110 So.2d 377, 378 (1959). Such motions are no doubt heard under the authority of Miss. Code Ann. § 9-13-37 (1972).
The instant motion is made on the authority of Section 9-13-35. That statute provides that upon completion of the transcript the court reporter shall file same with the clerk of the court where the case was tried with each party having a limited opportunity for study of the transcript for the purpose of examination and correction. The statute expressly provides that, if corrections or suggestions as to alterations are made by either party, those shall be presented “to the trial judge”. By virtue of this statutory empowering law, the trial judge still has jurisdiction regarding matters touching the preparation of the transcript and the record for appeal.
Notice of appeal has been filed on June 26, 1984, and jurisdiction of this case is now vested in this Court. This Court’s jurisdiction is concurrent, however, not exclusive, with respect to subject matter of the instant motion. The Circuit Court has, concurrent with the jurisdiction of this Court, full authority to entertain any and all matters relating to the preparation, correction and perfection of the transcript and record for this appeal, including matters relating to the time within which the various duties must be performed.
In cases such as this where, after an appeal has been perfected, one party or the other seeks an extension of time for the purpose of examination and study of the transcript or record, the motion should in the first instance be filed with the clerk of the court where the trial was had. Such motion is necessarily addressed to the sound discretion of the trial judge. The motion should be granted .only where reasonable grounds are advanced in support thereof.[1] If the motion should be denied by the trial judge, the moving party may then apply to this Court for relief, for, as indicated above, the jurisdiction with respect to these matters is concurrent. ■ '
In the case at bar, the trial judge denied the motion because he was of the opinion that he had no jurisdiction to entertain it. This, was error. In order to facilitate the matter and avoid unnecessary expenditures of time and motion, and because reasonable cause has been stated for the granting of the motion, we provide here that the Appellant, Sharon Wilson, shall have through and including December 21, 1984, within which to complete her review and examination of the court reporter’s notes.
MOTION FOR TIME EXTENSION TO REVIEW AND EXAMINE COURT REPORTER'S NOTES GRANTED.
ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
WALKER, P.J., and BOWLING, J„ dissent.
PATTERSON, C.J., not participating.

. In the exercise of their discretion with respect to these matters, we are confident that the trial judges will keep well in mind the problem of overall delay in the appellate process becoming so critical today for the courts and counsel, the litigants and the public.