653 So.2d 920 (1995)
James VIELEE
v.
STATE of Mississippi.
No. 91-KA-01156-SCT.
Supreme Court of Mississippi.
March 23, 1995.
*921 Wayne Dowdy, Magnolia, for appellant.
Michael C. Moore, Atty. Gen., DeWitt T. Allred, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
McRAE, Justice, for the Court:
James Vielee was convicted for the crime of receiving stolen property on November 12, 1991 in the Pike County Circuit Court and sentenced to serve five years in the custody of the Mississippi Department of Corrections with the first three years to be served, and the remaining two years suspended. In addition, he was placed on probation for a period of five years under the supervision of the Probation and Parole Board.
The stolen property Vielee was convicted of receiving comprised of a jigsaw, a hand plane, two draw knives, two hedge trimmers, an electric drill, and a weedeater. Feeling aggrieved, he raised the following issues:
I.
The jury verdict was against the overwhelming weight of the evidence.
II.
The jury verdict was based on evidence which was insufficient to show all elements of the crime.
During the interim of this appeal, Vielee filed a Motion To Stay Appeal And Allow Defendant To Proceed In The Trial Court on the issue of ineffective assistance of counsel. We deny said motion because it is premature in that it wasn't raised in the trial court below.
Vielee claimed that he was denied his right of effective assistance of counsel when he retained Bruce Thompson of Magnolia, Mississippi because Thompson had been appointed to represent an indigent co-indictee, Douglas Matthew Wells. In his Motion For Relief From Judgment, Vielee stated that Wells had information that implicated someone other than Vielee as the recipient of the stolen property. Vielee further claimed that this joint representation was unknown to him during his trial, and he did not obtain such information until he started preparing for appeal. Vielee claimed that had he been aware of Wells' representation by Thompson, and the existence of Wells' statement implicating another, he would have obtained other counsel.
"Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial ..." Cuyler v. Sullivan, 446 U.S. 335, 346-47, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1989). When defense counsel has breached his duty of loyalty by actively representing conflicting interests and the conflict of interest adversely affects his performance then prejudice is presumed. Cuyler, 446 U.S. at *922 348-50, 100 S.Ct. at 1718-19. See also Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).
The United States Supreme Court has stated that multiple representation is "not tantamount to the denial of effective assistance of counsel ...", but it also held that a "criminal defendant is entitled to reversal of his conviction whenever he makes `some showing of a possible conflict of interest or prejudice, however remote ...'" Cuyler, 446 U.S. at 340, 100 S.Ct. at 1714 (citing Walker v. United States, 422 F.2d 374, 375 (3rd Cir.1970). The right to counsel guaranteed by the Sixth Amendment is a fundamental right. Argersinger v. Hamlin, 407 U.S. 25, 29-33, 92 S.Ct. 2006, 2008-11, 32 L.Ed.2d 530 (1972). "Our decisions make clear that inadequate assistance does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment." Cuyler, 446 U.S. at 344, 100 S.Ct. at 1716. There exists in Mississippi the presumption that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic. Edwards v. State, 615 So.2d 590, 596 (Miss. 1993) (citing Leatherwood v. State, 473 So.2d 964, 969 (Miss. 1985).
Mississippi adheres to the law that joint representation of co-defendants is not a per se violation of the Sixth Amendment. Sykes v. State, 624 So.2d 500 (Miss. 1993). In essence, Vielee has filed prematurely for post-conviction relief. Vielee admits through his cited authority that at this point this Court has jurisdiction of his case. Dunavant Enterprises, Inc. v. Ford, 294 So.2d 788, 792 (Miss. 1974). However, the fact that the trial court has lost jurisdiction does not mean that it can take no action. "The view ... that the jurisdiction of this Court wholly deprive[s] the trial court of authority to take any action at all has been considerably ameliorated." Gardner v. State, 547 So.2d 806, 807 (Miss. 1989) (citing Miss.R.Civ.P. 60; Miss.Sup. Ct.R. 3, 6, 8, 9, 10, 11; Ward v. Foster, 517 So.2d 513, 516-17 (Miss. 1987); and Wilson v. State, 461 So.2d 728, 729 (Miss. 1984). The Court dismisses the motion as premature and will render judgment on the merits of the appeal because Vielee's former counsel's failure to question Wells about the other purported buyer of the stolen goods is unsubstantiated by anything other than Vielee's own self-serving statement. This Court has implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit. Brooks v. State, 573 So.2d 1350, 1354 (Miss. 1990). See also, Smith v. State, 490 So.2d 860 (Miss. 1986).
Vielee offers no authority under which this Court can grant his Motion to Stay the Appeal and allow him to seek a Supplemental Motion for a New Trial at the trial court level except a recent order handed down by Justice Roberts acting for this Court. See Fleming v. State, No. 92-TS-0394. Vielee's current counsel's statement in his brief that the factual scenario in Fleming is similar to Vielee is an overstatement. Fleming was convicted by an Attala County Circuit Court jury for defrauding the county of $156.93 in violation of Miss. Code Ann. § 97-11-31, as amended. Id. He was sentenced to five years in the custody of the Mississippi Department of Corrections with four years suspended. Id. After his post-trial motions were denied, he filed notice of appeal. Id. During this time he learned that one of the members of the jury misrepresented his criminal background during voir dire examination. Id.
Vielee claims that he insisted during trial to his attorney to allow him to testify in his own defense, but his attorney refused his request. Vielee's current attorney argues that this refusal occurred because Vielee's testimony would have been prejudicial to his other client. The statement of Wells implicating a "Jessie" as receiving the stolen goods was not used by Vielee's retained counsel in his defense nor was Wells called to testify on his behalf at trial. The only common ground that Vielee and Fleming share is that each learned of a fact after trial. Vielee's claims do not rise to the level of Fleming's claims. An underlying reason why this Court took the extraordinary measure in Fleming's case of granting the motion to stay and allowing him to seek a supplemental motion for new trial with the trial court is *923 because the right to a fair and impartial jury is the primary instrument of justice. Myers v. State, 565 So.2d 554, 558 (Miss. 1990). Vielee's case does not rise to such magnitude.
Vielee argues that judicial economy requires this Court to grant the motion because it would permit the trial court to entertain a Supplemental Motion for New Trial based on facts that were not known to Vielee at the time of his post-trial motions for J.N.O.V. and a New Trial. While an argument can be made that the trial court is in a better position to make a finding of whether Vielee was prejudiced by his counsel's failure to question Wells, the simple fact is it would be armed with no further information than this Court if Vielee's proof consists only of his own affidavit. Additionally, Vielee's case could find itself before this Court twice if the motion were granted: once as the current pending appeal and secondly as a post-collateral relief issue which can only be filed after disposition of the direct appeal.
Judicial economy could also call for not granting the motion because a "passing the buck" effect would occur where this Court, having received the case, would send it back to the trial court who could ultimately send it back to this Court on appeal for a determination on the merits. This kind of yo-yoing does not serve judicial economy notions. Vielee will not be without a remedy because he can await final disposition of his appeal and, if unsuccessful, file an application for post-conviction collateral relief under the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act, § 99-39-5(1)(e), § 99-39-7 and § 99-39-27. These statutes provide Vielee with an orderly procedure to address the facts he learned after trial that could not be litigated efficiently during the appeal process.
CONVICTION OF RECEIVING STOLEN PROPERTY AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SAID DEFENDANT TO SERVE THE FIRST THREE (3) YEARS WITH THE REMAINING TWO (2) YEARS SUSPENDED.
DAN M. LEE, P.J., and PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
BANKS, J., dissents with separate written opinion joined by HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, J.
BANKS, Justice, dissenting:
While I recognize that the practice of requiring defendants asserting ineffective assistance of counsel to await "final" disposition of their appeal prior to filing for post-conviction relief has been approved in Read v. State, 430 So.2d 832 (Miss. 1983), I believe that a limited purpose remand would be more efficient and fair in the present case. For this reason, I dissent.
Although we hold that the issue of ineffective assistance is one that is not waived if not raised on direct appeal, Read v. State, 430 So.2d 832, 837 (Miss. 1983), we expect defendants to demonstrate to us by affidavits, often without counsel or any other effective means to secure the same, that counsel was ineffective and that the outcome would have been different before we allow them to even have a shot at the trial court. Brooks v. State, 573 So.2d 1350, 1352 (Miss. 1990); Miss. Code Ann. § 99-39-9 (1972). If the defendant successfully crosses this hurdle, a hearing may be held in a trial court. Thereafter, if unsuccessful, a defendant is entitled to another review by this Court on the issue. Miss. Code Ann. § 99-39-25.
In the interest of judicial economy, the issue of ineffective assistance should be handled on direct appeal via a limited remand rather than through post-conviction relief in cases such as this where there are substantial grounds indicated in the defendant's affidavits and proposed motion for relief. By proceeding in this fashion, the trial court, which is in a much better position to judge the merits of an ineffective assistance claim, may dispose of it and either grant a new trial alleviating review by this Court on other assignments of error, or deny it, giving this Court a full record for review. Moreover, if we simply affirm and relegate the defendant to post-conviction relief proceedings, the defendant would have to be picked up and jailed while awaiting our disposition of a new *924 proceeding requesting leave to proceed in the trial court. Miss. Code Ann. § 99-19-39, § 99-19-43, and § 99-39-25(4). There would be further delay for disposition of the matter in trial court, and possibly our disposition on appeal from any judgment rendered there.
A limited remand would be in the best interest of justice and should be granted as done in Fleming v. State, No. 92-KA-00394 (Miss. March 11, 1993). The majority attempts to distinguish the present case from Fleming by contending that the right to a fair and impartial jury is the primary instrument of justice, whereas the right to effective assistance of counsel does not rise to such a magnitude. However, I believe that the right to effective assistance is equally deserving of this court's protection as we have essentially deemed the right to effective counsel to be a fundamental right. In Read, it was reasoned
[t]oday, however, state courts are being allowed not inconsiderable leeway when it comes to enforcing procedural rules to bar litigation of federal constitutional rights. [citations omitted]. Given such leeway, it is peculiarly appropriate that state courts be faithful stewards of those fundamental rights adjudication of which is thus entrusted to them ... The State's brief would have us take advantage of this leeway  and, in effect, preclude any defendant from ever raising the troublesome, unpleasant and no doubt frequently abused claim of ineffective assistance of counsel. The State's invitation should be rejected.
Read, 430 So.2d at 837. As Fleming and the present case cannot logically be distinguished, a limited remand should be granted.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, J., join this opinion.