814 So.2d 153 (2001)
Matthew McNAIR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00832-COA.
Court of Appeals of Mississippi.
October 23, 2001.
Rehearing Denied January 15, 2002.
Certiorari Denied April 18, 2002.
*154 John M. Colette, Jackson, Attorney for Appellant.
Office of the Attorney General, by Dewitt T. Allred, III, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
*155 McMILLIN, C.J., for the Court:
¶ 1. This is an appeal from a criminal conviction for aggravated assault returned by a Hinds County Circuit Court jury against Matthew McNair. McNair seeks to have his conviction set aside based on claims (a) that his counsel was unreasonably hampered in his efforts to cross-examine the alleged victim, (b) that his trial attorney's performance was so fundamentally deficient as to deprive him of his constitutionally-grounded right to representation by counsel, and (c) that the State violated the discovery rules when it failed to produce a record of the alleged victim's felony convictions. We find these issues to be without merit and affirm McNair's conviction.

I.

Facts
¶ 2. The State presented evidence to show that McNair, apparently believing that Theophilus Mason had some involvement in the earlier theft of McNair's truck, approached Mason in the parking lot of an apartment complex and shot him twice in the legs with a shotgun. As a result, Mason lost his right leg above the knee and suffered substantial medical complications regarding his left leg.
¶ 3. McNair did not deny the shooting. He defended his actions by claiming that he fired the first shot in self-defense when Mason lunged at him during a conversation regarding the stolen truck. The second shot, according to McNair, was the result of an accidental discharge of his weapon.

II.

Restrictions on Cross-examination of Mason
¶ 4. McNair points out that, in the defense of a criminal prosecution, the defendant is entitled to pursue a vigorous cross-examination of the witnesses who testify against him. U.S. Const. amend. VI; Miss. Const. art. 3 § 26; Shaffer v. State, 740 So.2d 273, 281 (Miss.1998); Lanier v. State, 533 So.2d 473, 488 (Miss.1988). He claims that he was effectively denied that right on two separate occasions during the cross-examination of the victim, Theophilus Mason.
¶ 5. In the first instance, defense counsel sought to inquire as to whether Mason had any prior misdemeanor or felony convictions. The State objected to this broad inquiry on the ground of relevance and the court sustained the objection. During a discussion out of the jury's presence, defense counsel indicated that the inquiry was relevant to his contention that the initial shot was fired in self-defense, because of the question's potential to uncover "any crime of violence" for which Mason may have been convicted.
¶ 6. On appeal, McNair adds the additional contention that the response would have been helpful to demonstrate bias on the part of this witness. An objection to the introduction of evidence must be accompanied by a statement of the "specific ground of objection...." M.R.E. 103(a)(1). A witness's bias, either in favor of or against the defendant, is a means of impeaching the credibility of a witness covered by Mississippi Rule of Evidence 616. Demonstrating that the victim of an alleged assault was a violent person such that the defendant would have good cause to defend himself is an entirely different matter covered by Rule 404(a)(2). We decline to consider whether the barred line of inquiry somehow prevented McNair from showing that Mason was biased against him as having been improperly raised for the first time on appeal. Farmer v. State, *156 764 So.2d 448, 456(¶ 26) (Miss.Ct.App. 2000).
¶ 7. If defense counsel's purpose was to develop the fact that Mason had a violent disposition known to McNair, thereby making more credible McNair's defense that he fired the shotgun in self-defense when he saw Mason lunging toward him, then the inquiry was certainly overly broad and objectionable on that ground alone. Even had the inquiry been more narrowly tailored to seek only information tending to show a history of violent behavior on Mason's part, the trial court's ruling could be considered error only if it were accompanied by an offer of proof from the defense demonstrating "the substance of the evidence" alleged to be wrongfully excluded. M.R.E. 103(a)(2). There is no indication in the record that any such convictions existed or were known to McNair at the time of the shooting. In order to be relevant in a claim of self-defense, the victim's nature as a potential aggressor must not only be demonstrated, but it must also be shown that the defendant was aware of that nature, since only that combination of facts affects the reasonableness of the defendant's alleged fear of harm at the victim's handswhich is a relevant source of inquiry by the jury in assessing a claim of self-defense. Rice v. State, 782 So.2d 171, 174(¶ 16) (Miss.Ct. App.2001).
¶ 8. Thus, even if we assume error on the trial court's part for simply cutting off altogether the inquiry into the possibility of the victim's history of violent criminal behavior instead of guiding defense counsel down a more appropriately narrow line of questioning, the error cannot be reversible because there is no indication that the ruling affected a substantial right of the defendant. M.R.E. 103(a).

III.

Ineffective Assistance of Counsel
¶ 9. On appeal, McNair contends that he received ineffective assistance of counsel at trial and recites a litany of complaints regarding his trial attorney's lack of diligence in investigating the case and preparing for trial. There is a strong presumption that an attorney's performance fell within the acceptable limits of professionally competent representation required by the Sixth Amendment. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). In order to prevail on a claim of constitutionally deficient representation, the defendant must show (a) that the attorney's performance fell outside those acceptable limits, and (b) that, but for the attorney's defective performance, there is a substantial likelihood that the outcome of the case would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Stringer v. State, 454 So.2d 468, 476 (Miss.1984).
¶ 10. McNair's complaints include allegations that his trial attorney (a) failed to timely seek discovery (though discovery was sought), (b) did not investigate the possibility of an insanity defense, (c) did not search for alibi witnesses, (d) did not call any character witnesses, and (e) did not present a coherent defense to the charge.
¶ 11. The facts of the case did not appear to be in substantial dispute. The sole issue for the jury was whether McNair acted in self-defense when he shot Mason at close range with a shotgun to protect himself from an imminent assault and whether he subsequently fired a second shotgun blast at close range into Mason purely by accident. There is no indication in McNair's brief as to what useful information might have been gleaned through earlier discovery attempts. There *157 is nothing before this Court that would suggest that an insanity defense had any possibility of success, and the same holds true for an alibi defense. The decision to call or not call character witnesses would appear to be a matter of trial strategy, as to which the attorney is afforded wide latitude. Cole v. State, 666 So.2d 767, 777 (Miss.1995). Certainly, there is nothing in this record that we find convincing to suggest that, had the jury better understood McNair's good character, it would have acquitted him of any criminal responsibility in what was, on its face, an act of life-threatening violence against another. The claim of self-defense was fairly presented to the jury through McNair's own testimony. In his appeal, McNair does not point out any additional evidence that would bolster his claim of self-defense that his attorney failed to present.
¶ 12. Our review of the entire record in this case leaves this Court satisfied that the evidence of McNair's guilt on the charge of assault was overwhelming. Even were it conceded for purpose of analysis that McNair's trial attorney was less than diligent in preparing for trial, there is nothing to suggest that, had his preparation been more thorough, a more favorable outcome to McNair was even a remote possibility. Thus, we conclude that McNair's claim of ineffective assistance of counsel cannot be sustained because it fails the second prong of the Strickland test.

IV.

Discovery Violation
¶ 13. McNair claims that he was prejudiced in his defense by the State's failure to produce the victim's Hinds County felony record, even though the record was requested in discovery. We fail to see how this acted to prejudice McNair in preparing for his defense. Conviction records are a matter of public record equally available to the defense as to the State. By virtue of McNair's attempts to go into Mason's criminal history, it is evident that he was aware of, or at least suspected, that Mason had prior criminal convictions. In order for a discovery violation to constitute grounds for reversal, it must be shown (a) that the State possessed evidence favorable to the defendant which the defendant did not have "nor could he obtain it himself with any reasonable diligence," (b) that the State somehow suppressed the information, and (c) that, had it been disclosed, a different outcome to the case was at least a reasonable possibility. King v. State, 656 So.2d 1168, 1174 (Miss.1995). Certainly, the public record of Mason's prior criminal activity in Hinds County, known to or suspected by the defendant, could have been easily obtained without resort to criminal discovery rules, and it cannot be plausibly asserted that the State somehow suppressed the fact of the victim's criminal background.
¶ 14. Conceding for sake of argument only that Mason's criminal record was the kind of "exculpatory material" that the State should have furnished the defense under Uniform Circuit and County Court Rule 9.04(A)(6), we do not think the trial court erred in refusing McNair a new trial when the matter was raised by post-trial motion because the alleged discovery violation did not produce the prejudice to the defense that must be demonstrated by the rule announced in King v. State.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF THE CONVICTION OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*158 KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.