835 So.2d 112 (2003)
Rufus WATSON a/k/a Rufus Watson, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00728-COA.
Court of Appeals of Mississippi.
January 21, 2003.
*114 Kevin Dale Camp, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Jackson, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the Court.
¶ 1. Rufus Watson appeals a felony driving under the influence as an habitual offender conviction from the Circuit Court of Rankin County. Watson was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections without the possibility of parole, probation or other reduction. This appeal was perfected following the denial of his post trial motions. Watson makes the following claims of error on the part of the trial court:
I. The trial court erred in not granting a mistrial for the State's failure to timely produce maintenance records for the calibration results of the Intoxilyzer 5000.
II. The trial court erred in allowing the whiskey bottle discovered in the vehicle to be admitted into evidence.
A. The trial court erred by not excluding the whiskey bottle since charge of possession of the whiskey bottle was dismissed.
B. The trial court erred pursuant to M.R.E. 403 by not excluding the whiskey bottle since it was more prejudicial than probative.
III. The court erred in allowing the State to reference the two prior DUIs in front of the Jury as consideration of the felony charge.
Finding no reversible error, this Court affirms his conviction and sentence.

FACTS
¶ 2. A Rankin County law enforcement officer observed Watson drive the wrong way onto a highway exit ramp and pulled him over. At trial, the officer testified that as Watson exited his vehicle he fell to the ground. The officer testified to other behavior by Watson that included staggering, impaired coordination, slurred speech, and confusion. Other testimony by the officer indicated that Watson had bloodshot eyes and the odor of alcohol on his breath. After Watson failed a field sobriety test, the officer took Watson into custody and transported him to the local sheriff's office where an attempt was made to administer an intoxilyzer test; however, no results were obtained from the test. Watson was then formally charged. The officer testified, over objection from Watson, that during the booking process Watson made the following unsolicited statement, "I blew on the machine for my three other DUIs, but you're going to have to work to prove this one."
¶ 3. Watson took the stand in his own defense and testified that he did not drive the wrong way onto the exit ramp, did not fall down, did not stagger or slur his speech, was not confused, was not intoxicated, and did not make the statement attributed to him.

DISCUSSION

I. Did the trial court err in not granting a mistrial for the State's failure to timely produce maintenance records for the calibration results of the Intoxilyzer 5000?
¶ 4. Watson contends that the State committed a discovery violation in failing *115 to provide him with the maintenance records and calibration certificates of the intoxilyzer prior to trial. Watson's discovery request did not specifically seek the production of these documents but rather sought "everything concerning the test." On cross-examination Watson had questioned the arresting officer about whether the intoxilyzer machine had been examined and certified to be in proper working order. On re-direct the officer produced the maintenance records and calibration certificates and was allowed to give testimony that the machine had been certified to be in proper working order at the time Watson was administered the test.
¶ 5. Watson claims that he was ambushed by the State's decision to withhold the calibration results until after he had exposed his defense theory that the machines had not been certified. He claims that he had relied on that theory because the State had not provided any proof of the existence of any such documents in response to his discovery request. Consequently, Watson contends that the trial court erred in refusing to grant his motion for a mistrial due to the State's discovery violation. In response to Watson's motion for a mistrial, the trial court ruled as follows:
I'm going to rule that it's not a discovery violation. I've had a hearing, and I think [defense counsel] opened the door. No other documents have been produced, and it's not a machine test, and we're going to go on with this trial.
This Court reviews a trial court's denial of a motion for a mistrial for abuse of discretion. Spann v. State, 771 So.2d 883, 889 (¶ 9) (Miss.2000).
¶ 6. Even though Watson made a discovery request for the intoxilyzer machine's records, the records themselves were public and were as readily accessible to Watson as they were to the State. This Court held in McNair v. State, 814 So.2d 153 (Miss.Ct.App.2001), that in order for a discovery violation to constitute grounds for reversal, it must be shown (a) that the State possessed evidence favorable to the defendant which the defendant did not have and could not obtain himself with any reasonable diligence, (b) that the State somehow suppressed the information, and (c) that, had the evidence been disclosed, a different outcome to the case was at least a reasonable possibility. Id. at (¶ 13) (citing King v. State, 656 So.2d 1168, 1174 (Miss.1995)).
¶ 7. In applying the McNair test to the facts and circumstances of the case at bar, this Court finds that (1) Watson knew of the existence of the intoxilyzer machine's records and could have obtained the records himself with reasonable diligence, (2) the State made no attempt to suppress the records, and (3) there is no reasonable possibility that the outcome of Watson's trial would have been different had he had the records in advance of trial. Under these circumstances, it was not an abuse of discretion for the trial court to deny Watson's motion for a mistrial.

II. Did the trial court err in allowing the whiskey bottle discovered in the vehicle to be admitted into evidence?

A. Was the issue of the whiskey bottle res judicata?
¶ 8. A whiskey bottle containing a liquid substance was discovered underneath the driver's seat of Watson's automobile during an inventory search following his arrest. The contents of the bottle were never tested or identified. The bottle and its contents were admitted into evidence over Watson's objection. The basis of the objection raised by Watson was that since there had been a dismissal of *116 the misdemeanor charge of illegal possession of alcohol in a dry county, the whole issue of the bottle was res judicata. The trial court ruled that the bottle was admissible as evidence of probable cause for arrest on the basis of Wilkerson v. State, 731 So.2d 1173 (Miss.1999), Longstreet v. State, 592 So.2d 16 (Miss.1991), Ashley v. State, 423 So.2d 1311 (Miss.1982) and a whole line of opinions which held that:
Information gathered by the officer at the scene ... provided the officer not only with probable cause to arrest ... but probable cause to believe that [the appellant] was intoxicated, indicating the need for a blood test.
Wilkerson, 731 So.2d at (¶ 14).
¶ 9. This Court reviews a trial court's ruling on the admission of evidence for abuse of discretion and as long as that discretion is exercised within the scope of the Mississippi Rules of Evidence, reversal is appropriate only when prejudice to the accused occurs. Sturdivant v. State, 745 So.2d 240 (¶ 10) (Miss.1999). The arresting officer testified that numerous factors led him to conclude that Watson was intoxicated. The presence of the whiskey bottle was simply another link in the chain of evidence constituting probable cause for the officer to believe that Watson was intoxicated. Under the circumstances, this Court finds that no prejudice inured to the detriment of Watson by the introduction of the bottle into evidence.

B. Was the admission of the whiskey bottle more prejudicial than probative?
¶ 10. Watson argues in his appellate brief that the trial court abused its discretion in admitting the whiskey bottle and its contents even if solely for the purpose of demonstrating that a whiskey bottle was found in Watson's automobile. He claims that the probative value of the bottle was substantially outweighed by the danger of unfair prejudice because it allowed the jury to speculate about the untested contents of the bottle. This argument was never made to the lower court. It is well settled in Mississippi jurisprudence that a trial court will not be put in error on a matter not presented to it for resolution and issues not presented in the trial court cannot be first argued on appeal. Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 133-34 (Miss.1993). See also Seaney v. Seaney, 218 So.2d 5 (Miss. 1969); A.H. George And Co. v. Louisville & N.R. Co., 88 Miss. 306, 40 So. 486 (1906). Nevertheless, this Court will address the merits of this assignment of error.
¶ 11. This Court's review of the record indicates that the trial judge was concerned about the need to balance the probative value of this evidence against any prejudicial effect when it stated the following:
I'm going to have to give some kind of limit[ing] instruction to tell them that the bottle is being introduced as an exhibit in this trial, not for the purpose that it contains whiskey, [because] it hasn't been tested but it was under Mr. Watson's seat. I think I'm going to have to do that.
The limiting instruction that the trial court eventually gave read as follows:
The court instructs the jury that no evidence was introduced that would identify the contents of the bottle that is marked State's Exhibit Number 1.
¶ 12. This Court finds that the trial court properly balanced the probative value of the whiskey bottle and its contents against the prejudicial effect and found that the probative value outweighed any prejudicial effect. This Court finds no abuse of discretion in that ruling. Furthermore, while Watson alleges prejudice, *117 he fails to set forth with any particularity how the ruling prejudiced his defense. This assignment of error has no merit.

III. Did the court err in allowing the State to reference the two prior DUIs in the presence of the jury as consideration of the felony charge?
¶ 13. Watson contends that on the basis of Strickland v. State, 784 So.2d 957, 961 (Miss.2001), the statute under which he was indicted, Miss.Code Ann. § 63-11-30(8), is in direct conflict with Mississippi Rules of Evidence 404(b) and 403, which prohibit the introduction of prior bad acts, which are only relevant to sentencing, and are only admissible during a separate sentencing phase, not during trial. Section 63-11-30(8) provides as follows:
(8) For the purposes of determining how to impose the sentence for a second, third or subsequent conviction under this section, the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed. The amount of fine and imprisonment imposed in previous convictions shall not be considered in calculating offenses to determine a second, third or subsequent offense of this section.
Miss.Code Ann. § 63-11-30(8) (Supp.2002).
¶ 14. Watson is correct in his argument regarding the holding in Strickland. This Court, however, has held that, "[b]ecause the Strickland decision is a plurality decision on the point of whether a bifurcated trial is required, it has no precedential value." Moore v. State, 806 So.2d 308(¶ 5) (Miss.Ct.App.2001). See Rigby v. State, 826 So.2d 694 (Miss.2002). This Court also takes note of the fact that Watson made no objection to the introduction of the prior DUI convictions at trial and therefore waived his right to object on appeal. Consequently, in addition to lacking merit, this issue is also procedurally barred from review by this Court. Harris v. Lewis, 755 So.2d 1199, 1204 (¶ 15) (Miss. Ct.App.1999).

IV. Did the trial court commit reversible error in the admission of statements made by Watson during the booking process?
¶ 15. The arresting officer testified that during the booking process Watson made the following unsolicited statement, "I blew on the machine for my three other DUIs, but you're going to have to work to prove this one." It was the officer's testimony that the statement was unsolicited and not in response to any questioning or interrogation of any kind by anyone. Watson contends that he was under arrest at the time the statement was made, therefore, he should have been advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that since he had not been so advised, it was reversible error for the court to admit the statement.
¶ 16. The trial court ruled that the statement was admissible as a spontaneous statement and not in response to police interrogation. The standard of review for determining the admissibility of the statement was reiterated by the Mississippi Supreme Court in Balfour v. State, 598 So.2d 731, 742 (Miss.1992): "Determining whether a [statement] is admissible is a finding of fact which is not disturbed unless the trial judge applied an incorrect legal standard, committed manifest error, or the decision was contrary to the overwhelming weight of the evidence." With *118 regard to spontaneous statements, this Court has held that:
Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege [against self-incrimination] while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated.... Volunteered statements of any kind are not barred by the Fifth Amendment....
Alexander v. State, 736 So.2d 1058 (¶ 11) (Miss.Ct.App.1999).
¶ 17. This Court finds that, with regards to the admissibility of Watson's statement, the trial court did not apply an incorrect legal standard, or commit manifest error, nor was its decision contrary to the overwhelming weight of the evidence, therefore, its decision will not be disturbed.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF FELONY DUI AS AN HABITUAL OFFENDER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. GRIFFIS, J., NOT PARTICIPATING.