IRVING, J.,
 

 for the Court:
 

 ¶ 1. On January 5, 2004, Cornell Clark pleaded guilty to kidnapping and armed carjacking. Following his plea, the Coaho-ma County Circuit Court sentenced him to two thirty-year sentences, with ten years of each thirty-year sentence suspended, to be served concurrently in the custody of the Mississippi Department of Corrections. On April 10, 2006, Clark filed a motion for records and transcripts, and on July 21, 2008, he filed a petition for order to show cause. In his petition, Clark argued that his indictment was defective because it lacked the signature of the grand jury foreman, the signature of the circuit clerk, and a file stamp denoting the date that it was filed with the circuit court. The circuit court denied Clark’s motion and petition, noting that a valid guilty plea operates as a waiver of all technical and non-jurisdictional defects in an indictment. Feeling aggrieved, Clark appeals and asserts that: (1) his indictment was defective because it lacked the grand jury foreman’s signature, the circuit clerk’s signature, and the date on which the indictment was filed in circuit court; (2) his plea was involuntary because it was based on the promise of a lesser sentence made during interrogation; (3) his defense counsel was constitutionally ineffective; (4) his due-process rights were violated; (5) the circuit court violated Rules 10(b)(5) and (c) of the Mississippi Rules of Appellate Procedure when it denied his motion for records and transcripts; and (6) the sentence imposed was excessive and grossly disproportionate.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 3. As stated, on April 10, 2006, more than two years after pleading guilty, Clark filed a motion for records and transcripts. Receiving no response from the circuit court, Clark, on July 21, 2008, filed a second motion for records and transcripts, along with a petition for order to show
 
 *307
 
 cause. The circuit court treated the petition as a PCR motion. In the petition, Clark argued that his indictment was defective because it lacked the grand jury foreman’s signature, the circuit clerk’s signature, and the date on which the indictment was filed in circuit court. Clark made no other allegations in his petition.
 

 ¶ 4. On April 16, 2009, the circuit court denied the motion for records and transcripts, noting that Clark had filed his motion outside the three-year statutory period provided for under the Uniform Post-Conviction Collateral Relief Act (the Act) and that he had failed to show a specific need or purpose for the requested documents. Additionally, the circuit court denied Clark’s petition on September 3, 2009. In denying Clark’s petition, the circuit court found that Clark’s guilty plea operated as a waiver of the alleged defects in his indictment and that such deficiencies could not be raised for the first time in the petition, which, as stated, was treated as a PCR motion by the circuit court.
 

 ¶ 5. Additional facts, if necessary, -will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 6. When reviewing a circuit court’s denial of a motion for post-conviction relief, factual findings will not be disturbed unless they are clearly erroneous.
 
 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008). However, questions of law are reviewed de novo.
 
 Id.
 

 1. Time Bar
 

 ¶ 7. Following a guilty plea, a petitioner has three years to file a PCR motion. Miss.Code Ann. § 99-39-5(2) (Supp. 2009). In cases where a guilty plea is entered, the time begins to run upon the entry of the plea.
 
 Id.
 
 Exceptions to the time limitation exist in certain cases, such as where the petitioner seeks post-conviction relief based on the discovery of new evidence. Miss.Code Ann. § 99-39-5(l)(e) (Supp.2009).
 

 ¶ 8. In this case, the statute of limitations period began to run on January 5, 2004, the date Clark pleaded guilty. Clark did not file his petition until July 21, 2008-over four years after the entry of his guilty plea. However, Clark contends that the exception for newly discovered evidence applies. Clark alleges that during his interrogation, the police promised him a lesser sentence in exchange for his confession, but the circuit court was never made aware of such promise. Clark contends that because the circuit court was not aware of the police’s alleged promise, he received a harsher sentence. Our supreme court has stated that the petitioner bears the burden of proving that his claim is not procedurally barred.
 
 Lockett v. State,
 
 614 So.2d 888, 893 (Miss.1992). In the case of the exception for newly discovered evidence, the petitioner must prove that he has evidence, not reasonably discoverable at trial, that would have caused a different result in the conviction or sentence. Miss.Code Ann. § 99-39-5(2)(a)(i). Clark has failed to provide any evidence, other than the assertions in his brief, that the police had promised him a lesser sentence or that knowledge of the alleged promise would have affected the circuit court’s sentencing decision. Furthermore, even if Clark had provided evidence of a promise of a lesser sentence, such evidence was available to Clark when he pleaded guilty. Without an applicable exception to the statute of limitations, Clark’s petition is time-barred. This assignment of error lacks merit.
 

 2. Defective Indictment
 

 ¶ 9. Even if Clark’s petition was not time-barred, the issue raised in his
 
 *308
 
 petition regarding the defective indictment is without merit and was effectively waived by Clark when he pleaded guilty. Clark argues that his indictment was defective because it lacked the grand jury foreman’s signature, the circuit clerk’s signature, and the date on which the indictment was filed in circuit court. However, the record contains a fully executed indictment signed by the grand jury foreman and the circuit clerk and dated December 2, 2003. Based on our review of the record, the indictment appears to conform fully with the requirements of Rule 7.06 of the Uniform Rules of Circuit and County Court. Even if the indictment had been defective, Clark waived all technical and non-jurisdictional defects contained in the indictment by pleading guilty.
 
 Reeder v. State,
 
 783 So.2d 711, 720 (¶ 36) (Miss.2001). This issue is without merit and procedurally barred.
 

 3. Procedural Bar
 

 ¶ 10. Clark raises five other issues for the first time on appeal, including that his plea was involuntary; he received ineffective assistance of counsel; his due-process rights were violated; the circuit court violated the Mississippi Rules of Appellate Procedure; and he received an excessive sentence. However, only the defective-indictment issue was raised in his PCR motion. By failing to raise these issues before the circuit court, Clark is precluded from raising them on appeal.
 
 Foster v. State,
 
 716 So.2d 538, 540 (¶ 9) (Miss.1998).
 

 ¶ 11. Even if Clark’s claim that his plea was involuntary was not procedurally barred, it is without merit. Clark alleges that during his interrogation, the police promised him a lesser sentence in exchange for his confession. However, the record contains no mention of the agreement, nor did Clark file an affidavit or any other evidence of the alleged agreement with the police. Furthermore, in his plea petition, Clark declared that no officer or agent of any branch of government had made any promises aimed at inducing him to plead guilty and that he freely and voluntarily entered his guilty plea. Based on Clark’s sworn answers within his plea petition, Clark made his plea voluntarily and knowingly. Furthermore, during his plea colloquy, Clark swore that he had reviewed and read the petition with the assistance of counsel and that he understood its provisions. Therefore, his claim that his guilty plea was involuntary is without merit.
 

 ¶ 12. Clark also alleges that his appointed counsel was ineffective because his counsel failed to inform the circuit court of the police’s promise of a lesser sentence and erroneously advised him to plead guilty.
 

 ¶ 13. To succeed in a challenge to the effectiveness of counsel, Clark must prove that: (1) his counsel was deficient, and (2) this deficiency prejudiced Clark.
 
 Doss v. State,
 
 19 So.3d 690, 694-95 (¶ 7) (Miss.2009) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Both prongs must be pleaded with specific detail.
 
 Coleman v. State,
 
 749 So.2d 1003, 1012 (¶26) (Miss.1999). In the context of PCR cases, specificity requires more than a party’s own affidavit or mere assertions made within his brief.
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995). Clark failed to provide any affidavits in support of his ineffective-assistance-of-counsel claim. Instead, his claim is based solely on the assertions made in his brief. Therefore, Clark has failed to meet the standards of
 
 Strickland
 
 and
 
 Vielee.
 
 This issue is without merit.
 

 ¶ 14. Clark also alleges that his due-process rights were violated during the circuit court proceedings. However, Clark provides no evidence in support of his alie-
 
 *309
 
 gation. Based on this Court’s review of the record, Clark knowingly and voluntarily entered his guilty plea and was fully informed of the charges against him and the consequences of his plea. Therefore, we find no due-process violations.
 

 ¶ 15. Clark contends that the circuit court failed to comply with Rules 10(b)(5) and 10(c) by failing to provide a free copy of the record. Under Rule 10(b)(5), the appellant is entitled to use of the record for examination, and in the event that no report or transcript of the proceedings is available, Rule 10(c) permits the appellant to prepare a statement of the proceedings from the best available means, including recollection.
 

 ¶ 16. While the rules do entitle an appellant to examine the record, the discovery provisions of the Act require a showing of “good cause” in a prisoner’s request for discovery. Miss.Code Ann. § 99-39-15(1) (Supp.2009). Additionally, the Act gives the circuit judge discretion in granting or denying such requests.
 
 Id.
 
 Our supreme court has elaborated on the discovery standard, noting that a defendant must demonstrate sufficient need or purpose for requested documents before the law requires the State to provide free copies of such documents.
 
 Fleming v. State,
 
 553 So.2d 505, 507 (Miss.1989).
 

 ¶ 17. Clark’s first motion for records and transcripts, filed on April 10, 2006, stated that he sought post-conviction relief on the grounds of due-process violations, involuntary guilty plea, ineffective assistance of counsel, and “all other violations which occurred during the resulting guilty plea.” After receiving no response from the circuit court, Clark filed a second motion on July 21, 2008, wherein he again stated that he sought post-conviction relief, only on the grounds of due-process violations and “any and all other violations which occurred during the resulting guilty plea.” In both motions, Clark utilized a template, with a list of general grounds for seeking post-conviction relief. Clark did not supply a sufficient need or purpose for the documents as required under
 
 Fleming;
 
 instead, he relied on the general, pre-popu-lated list of allegations contained in the motion template and simply filled in his name and his offense. Therefore, the circuit court did not err in denying his motions for records and transcripts, even though the first motion was not time barred.
 

 ¶ 18. Clark argues that the circuit court failed to comply with Rule 10(c); however, responsibility for compliance does not rest with the circuit court. Rule 10(c) allows the appellant to prepare a statement of the proceedings when no transcript is available. However, in Clark’s case, a transcript was not unavailable; • it was just unavailable to Clark since he failed to provide a sufficient need or purpose for the transcript. Therefore, his claim is without merit.
 

 ¶ 19. Finally, Clark argues that his sentence is excessive and grossly disproportionate. Clark pleaded guilty to one count of kidnapping, for which the maximum sentence is thirty years’ imprisonment or life imprisonment, and one count of armed carjacking, for which the maximum sentence is thirty years’ imprisonment and a $10,000 fine. Miss.Code Ann. §§ 97-3-53, 97-3-117(2)(a) (Rev.2006). The circuit court sentenced Clark to thirty years, with ten years suspended for each count, to be served concurrently, for a total of twenty years.
 

 ¶ 20. While a sentence may be subject to attack if it is “grossly disproportionate” to the crime committed, a sentence will not be subject to appellate review when it falls within the limits prescribed by statute.
 
 Johnson v. State,
 
 950
 
 *310
 
 So.2d 178, 183 (¶22) (Miss.2007). As such, sentences “that do not exceed the maximum term allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal.”
 
 Id.
 
 The sentence imposed did not exceed the statutory maximum; therefore, it may not be disturbed on appeal.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. KING, C.J., AND CARLTON, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.