# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00032-COA

JEFFERY WALTON A/K/A JEFF WALTON A/K/A JEFFERY S. WALTON                                    APPELLANT

v.

STATE OF MISSISSIPPI                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEFFERY WALTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF AS TIME-BARRED |
| DISPOSITION: | AFFIRMED - 04/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.    In October 2014, Jeffery Walton filed a motion for postconviction relief (PCR) in the Rankin County Circuit Court contesting his 2004 conviction of forcible rape. Walton had pleaded guilty to the forcible-rape charge following a plea bargain with the State that resulted in the State's nolle prosequi of two additional charges against Walton. In Walton's PCR motion, he asserted, among other claims, that newly discovered evidence showed that his fundamental rights had been violated due to a technicality relating to his indictment. He

further argued that because his fundamental rights had allegedly been violated, his PCR motion was excepted from the statutory three-year time-bar. The circuit court disagreed, and dismissed the motion as time-barred. Aggrieved, Walton appeals. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2. On August 26, 2004, Walton, masked and armed with a knife, broke into a home in Rankin County, Mississippi. He tied up the female inhabitant, held a knife to her throat, and raped her. Muddy footprints were discovered by authorities immediately after the incident outside of the victim's home. The footprints led from the victim's home to Walton's nearby home. DNA evidence found on the victim's chest was tested and matched Walton despite Walton's prior contentions that he had nothing to do with the attack.

¶3. Walton was soon indicted for kidnaping, forcible rape, and sexual battery. Walton pleaded guilty to forcible rape in exchange for a nolle prosequi of the kidnaping and sexual-battery charges. After a hearing on the matter, the circuit court accepted Walton's guilty plea and sentenced him to forty years, with thirty-two years to serve, eight years suspended, and five years of postrelease supervision, all in the custody of the Mississippi Department of Corrections.

¶4. In October 2014, ten years after pleading guilty, Walton filed a PCR motion challenging his conviction. He claimed that he had recently discovered that a temporary foreman had signed his indictment, thereby rendering the indictment invalid. He also claimed that he had received ineffective assistance of counsel for his counsel's failure to

provide him with a speedy trial. Walton asserted that his recent discovery regarding his indictment constituted newly discovered evidence and directly affected his fundamental rights. This, he claimed, excepted his PCR motion from the three-year statutory bar. The circuit court disagreed, and dismissed the motion as time-barred. Walton now appeals.

## DISCUSSION

¶5.    We review a circuit court's dismissal of a PCR motion under a clearly-erroneous standard. *Moore v. State*, 986 So. 2d 928, 932 (¶13) (Miss. 2008). However, questions of law are reviewed de novo. *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006).

¶6.    Mississippi Code Annotated section 99-39-5 (Rev. 2015) governs PCR motions. The statute provides that a prisoner has three years to request postconviction relief. After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations are as follows:

> That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the movant's] conviction or sentence or that [the movant] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the [movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

3

Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶7. Here, Walton asserts that his PCR motion is not subject to the time-bar because his fundamental rights were violated. He asserts that newly discovered evidence and evidence of ineffective assistance of counsel support his claim. Specifically, Walton points to his indictment, which was signed by a temporary foreman of the grand jury. Without addressing the legality of a temporary foreman signing an indictment, Walton's claim that this is newly discovered evidence fails on its face.

¶8. We have previously defined newly discovered evidence as evidence that "could not have been discovered by the exercise of due diligence at the time of the trial, as well as being almost certainly conclusive that it would cause a different result." *Garlotte v. State*, 915 So. 2d 460, 464 (¶13) (Miss. Ct. App. 2005). The indictment was signed in 2004 and was available for Walton to review from the time it was issued until the present. Walton was privy to this information prior to his guilty-plea hearing and cannot, therefore, claim that this is newly discovered evidence. Furthermore, when Walton entered a guilty plea, he waived all nonjurisdictional defects related to his indictment. *See Clark v. State*, 54 So. 3d 304, 308 (¶9) (Miss. Ct. App. 2011). Accordingly, his contentions are both time-barred and lack merit.

¶9. Walton's argument regarding ineffective assistance of counsel relates to his claim that his counsel should have filed a motion to dismiss the case for the State's alleged failure to provide Walton with a speedy trial. However, we have clearly stated that ineffective-assistance-of-counsel claims do not meet the fundamental-rights exception to the three-year time-bar for PCR motions unless they concern "(1) the right against double jeopardy; (2) the

4

right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015) (citing *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014)). Thus, Walton's PCR motion is not excepted from the time-bar, and the circuit court properly dismissed it.

¶10. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**