798 So.2d 599 (2001)
Leonard STEVENSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CA-00390-COA.
Court of Appeals of Mississippi.
July 24, 2001.
Rehearing Denied September 18, 2001.
Certiorari Denied October 25, 2001.
*601 Martin A. Kilpatrick, Greenville, for Appellant.
Office of the Attorney General by Scott Stuart, for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
THOMAS, J., for the Court:
¶ 1. Leonard Stevenson appeals an order of the Circuit Court of Bolivar County, Mississippi denying his petition for post-conviction relief. Aggrieved, Stevenson perfected this appeal, raising the following issue as error:
WHETHER THE CIRCUIT COURT ERRED IN DISMISSING STEVENSON'S MOTION FOR POST-CONVICTION RELIEF CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AND A RIGHT TO AN EVIDENTIARY HEARING?
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Leonard Stevenson entered an open guilty plea to the offense of sexual battery in the Circuit Court of Bolivar County, Mississippi. The court sentenced Stevenson to serve a term of twenty-three years.
¶ 4. Stevenson filed a motion for post-conviction relief in which he claimed an involuntary plea and ineffective assistance of counsel. The circuit court entered an order denying Stevenson's motion. It is from this denial that Stevenson now appeals.

ANALYSIS

WHETHER THE CIRCUIT COURT ERRED IN DISMISSING STEVENSON'S MOTION FOR POST-CONVICTION RELIEF CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AND A RIGHT TO AN EVIDENTIARY HEARING?
¶ 5. Stevenson's claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Under Strickland and *602 Stringer, Stevenson must show that his counsel's performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The asserting party must also show that "but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Rankin v. State, 636 So.2d 652, 656 (Miss. 1994). A successful completion of this test is paramount to Stevenson's argument. He must successfully meet both prongs. The defendant bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 6. Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Application of the Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190(¶ 14) (Miss.Ct.App.1999). See also Cole v. State, 666 So.2d 767, 777 (Miss.1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). With this in mind, we now turn to Stevenson's allegations of ineffectiveness of counsel.
¶ 7. Stevenson alleges that his attorney coerced him into pleading guilty. The standard of review pertaining to voluntariness of guilty pleas is well settled: "this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Schmitt v. State, 560 So.2d 148, 151 (Miss. 1990). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id. at 151 (superseded by Miss.Code Ann. § 99-39-23 (Rev.2000)).
¶ 8. Stevenson alleges that counsel told him he would receive zero to ten years if he entered a guilty plea; however, Stevenson fails to put forth any proof of this allegation. Also, Stevenson does not state the exact manner in which his attorney coerced him. Therefore, we find that Stevenson has failed to meet his statutory burden of proof regarding the allegation of ineffective assistance of counsel in that his assertions lack the "specificity and detail" required to establish a prima facie showing. Moreover, his allegations of ineffective assistance of counsel are without merit in that the guilty plea hearing transcripts provide evidence to the contrary.
¶ 9. The record of the plea hearing reveals a series of questions asked by the trial court of Stevenson regarding his plea and his representation by counsel. To all of these questions, Stevenson answered under oath that he understood the maximum sentence that he could receive in his open guilty plea before the court and that he was satisfied with the services of his attorney. Not considering the advice a defendant may have been given by his counsel, the questioning performed by the trial court and its explanations to the defendant of his rights and resulting consequences of a guilty plea may be sufficient to render the guilty plea voluntary without anything else. Sanders v. State, 440 So.2d 278, 288 (Miss.1983). Our Supreme Court has stated, "Where pleadings are in direct *603 conflict with the guilty plea hearing transcript, a petition for post-conviction relief is properly dismissed." Ford v. State, 708 So.2d 73(¶ 17) (Miss.1998).
¶ 10. Stevenson also argues that he was entitled to an evidentiary hearing. In order for a contested fact to require an evidentiary hearing, it must be material. Taylor v. State, 682 So.2d 359, 363 (Miss.1996). However, the allegations put forth in Stevenson's petition for post-conviction relief are bald assertions found to be supported only by an affidavit from Stevenson. Stevenson's claims in the affidavit filed with his appeal are contrary to his sworn testimony given before the trial court at the time he entered his guilty plea. This blatant contradiction with the record below renders the current documentation a "sham." King v. State, 679 So.2d 208, 210-11 (Miss.1996).
¶ 11. A review of the record reveals that there is no merit to Stevenson's claim of ineffective assistance of counsel, inasmuch as the guilty plea hearing transcripts provide evidence to the contrary. Accordingly, we hold the trial court's summary denial of Stevenson's petition is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.