BRIDGES, J.,
for the court.
¶ 1. Willis pled guilty to manslaughter and received a sixteen year sentence with two years suspended. The trial court noticed its error when it discovered Willis was a repeat offender, and resentenced him to sixteen years with no years suspended. The trial court denied Willis’s motion for post-conviction relief (PCR) after finding that his plea was voluntary, that he received adequate assistance of counsel, and that he was properly sentenced.
¶ 2. Willis appeals.
STATEMENT OF ISSUES
I. DID WILLIS RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
II. DID WILLIS VOLUNTARILY AND INTELLIGENTLY PLEAD GUILTY?
III. DID THE COURT PROPERLY SENTENCE WILLIS?
IV. WAS WILLIS ENTITLED TO COUNSEL FOR HIS PCR HEARING?
ANALYSIS
¶ 3. Willis asks this Court to review the decision of the trial court denying his petition for post-conviction relief. ‘When reviewing a lower court’s decision to deny a petition for post conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). Willis makes three assignments of error, and we shall review each of them in turn.
I. DID WILLIS RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. “To successfully claim ineffective assistance of counsel the Defendant must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).” Moody v. State, 644 So.2d 451, 456 (Miss.1994). The defendant must demonstrate first the deficiency of counsel’s performance, and second that the deficiency prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. *890 Willis faces, a strong yet rebuttable presumption that counsel performed adequately, and he must show a reasonable probability that but for counsel’s errors, he would have received a different result. Moody, 644 So.2d at 456. This Court looks at the totality of the circumstances, with deference towards counsel’s actions, to find a factual basis for the claim. Id. If the defendant raises questions of fact regarding either deficiency of counsel or prejudice, he is entitled to an evidentiary hearing. Id. If this Court finds counsel was ineffective, the appropriate remedy is remand for a new trial. Id.
¶5. Willis’s claim of ineffective assistance of counsel rests on the substantive questions of his guilty plea and sentence, which are dealt with below. However, Willis offers no evidence beyond his own • affidavit that he received ineffective assistance of counsel, and his affidavit is belied by the record itself. Although the lack of supporting affidavits is not fatal because Willis provides no other witnesses, the specific facts that he alleges contradict the record of his guilty plea hearing, effectively undermining the credibility of his allegations. Ford v. State, 708 So.2d 73, 75(¶ 11) (Miss.1998).
II. DID WILLIS VOLUNTARILY PLEA GUILTY?
¶ 6. Willis argues that his guilty plea was extorted through some sort of threat by his attorney, George Kelly. Willis contends that he was frightened into pleading guilty to manslaughter by Kelly’s explanation that if he lost at trial, Willis could be sentenced to life in prison, and that he would have preferred to go to trial on a theory of self-defense.
¶ 7. This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. Stevenson v. State, 798 So.2d 599, 602(117) (Miss.Ct.App.2001). The defendant bears the burden of proving that he pled guilty involuntarily, and must prove this by a preponderance of the evidence. Id. Willis admitted before the court that he did kill the victim. According to the law of Mississippi, Willis’s forthright admission before the court of his guilt is sufficient to provide the antecedent proofs of actual guilt required to meet the standards of voluntariness and intelligence. Corley v. State, 585 So.2d 765, 767 (Miss.1991).
¶ 8. Willis also answered the standard laundry list of questions that trial courts ask to assess the voluntariness and intelligence of guilty pleas. The court also asked Kelly if Willis appeared intoxicated or unable to understand the proceedings. Kelly replied that Willis appeared perfectly normal. Absent any further evidence, this Court does not find any error on the part of the trial court.
III. DID THE COURT PROPERLY SENTENCE WILLIS?
¶ 9. Sentencing within statutory guidelines is firmly within the trial court’s discretion. Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984). Willis’s unique argument is that even though he was sentenced illegally, to pronounce the legally correct sentence upon him would violate his constitutional rights. Recently, the Mississippi Supreme Court held that a prisoner previously convicted of a felony is not eligible for suspended sentence under Mississippi Code Annotated Section 47-7-3 (Rev.2000). Goss v. State, 721 So.2d 144, 146 (¶ 10) (Miss.1998) (overruled on other grounds by Carter v. State, 754 So.2d 1207 (Miss.2000)). Mississippi law instead provides for a special form of suspension for habitual offenders, post-release supervision. Miss.Code Ann. § 47-7-34 (Rev. 2000); see Carter v. State, 754 So.2d 1207, 1208(¶ 4) (Miss.2000).
*891 ¶ 10. Willis argues that removing the suspension from his sentence violates his constitutional protection against double jeopardy. This novel point of law aside, Willis is wholly incorrect to assert that he cannot be resentenced to correct a mistake of law. So long as Willis’s sentence comports with the law, and the court did not abuse its discretion, Willis cannot sustain this assignment of error. Consequently we affirm the trial court.
IV. WAS WILLIS ENTITLED TO COUNSEL FOR HIS PCR HEARING?
¶ 11. Willis argues that he should have had the assistance' of counsel for his PCR evidentiary hearing. According to both the Mississippi and United States Supreme Courts, there is no constitutional right to appointed counsel in post-conviction proceedings, as such proceedings are civil in nature. Moore v. State, 587 So.2d 1193, 1195 (Miss.1991). Consequently, Willis’s appeal must fail here.
¶ 12. For the foregoing reasons, we affirm the court below.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF AND VACATING THE FOUR YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.