BRIDGES, J.,
for the court.
¶ 1. Jimmy Lee Cook, Jr. pled guilty to one count of armed robbery in the Circuit Court of Holmes County. The court sentenced Cook to six years in the custody of MDOC, with four years’ post-release supervision. Cook filed a motion for post-conviction relief that the trial court denied him. Cook then perfected his appeal to this court in a timely fashion.
STATEMENT OF ISSUES
I. DID COOK RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
II. WAS COOK’S GUILTY PLEA KNOWINGLY AND VOLUNTARILY ENTERED?
III. DID THE COURT ERR IN DENYING COOK AN EVIDENTIA-RY HEARING?
ANALYSIS
I. DID COOK RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 2. Cook argues that he received ineffective assistance of counsel, because he believed that the sentence recommendation that the State had agreed to make was binding on the judge. Further, he argues that he was misled by his counsel to believe that he would serve his time under the 85% rule, when in fact any sentence under ten years for armed robbery is served under the mandatory 100% rule.
¶ 3. To prove ineffective assistance of counsel, Cook must show by a preponderance of the evidence that 1) counsel’s performance was defective, and 2) that defect was so prejudicial as to prevent *778 Cook from having a fair trial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). Cook faces a strong yet rebuttable presumption that counsel performed adequately, and must show a reasonable probability that but for counsel’s errors, the result of the trial would have been different. Moody, 644 So.2d at 456. This Court looks at the totality of the circumstances, with deference towards counsel’s actions, to find a factual basis for the claim. Id. Should we find that Cook’s counsel was ineffective, the appropriate remedy is remand for a new trial. Id.
¶ 4. Cook provides ample factual evidence to support his claim that in fact counsel may not have thoroughly explained the consequences of the 100% rule or the fact that the court was not bound by the State’s recommendations in sentencing. However, the record demonstrates that the court took extensive pains to explain to Cook that the court had full discretion to reject any sentence recommendations by the State. The court also permitted Cook to further consult with counsel following this explanation, and afterwards Cook was quite satisfied and willing to plead guilty. Consequently, although there is some evidence of a slight defect in counsel’s performance, it was hardly prejudicial, given the court’s judicious care in evaluating Cook’s state of mind and the knowledge he had surrounding his guilty plea. We find that Cook’s claim of ineffective assistance of counsel is without merit.
II. WAS COOK’S GUILTY PLEA VOLUNTARILY AND INTELLIGENTLY ENTERED?
¶ 5. This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. Stevenson v. State, 798 So.2d 599, 602(¶7) (Miss.Ct.App.2001). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id.
¶ 6. Cook argues that his guilty plea was coerced by counsel’s representations of a sentencing recommendation from the State for five years. Cook offers the affidavit of his mother in support of this argument. However, the record belies Cook’s allegation of error, as he affirmatively represented his sound state of mind and agreement with the terms of the guilty plea to the court. The court permitted him to ask questions, and quizzed him twice on his satisfaction with the plea he was making. At no time during the plea hearing did Cook express any reservations, except about the court’s discretionary power in sentencing, which both the court and counsel took pains to explain to him.
¶ 7. We find that Cook has failed to establish any coercion, and that his guilty plea was both voluntary and intelligent.
III. DID THE COURT ERR IN DENYING COOK AN EVIDENTIA-RY HEARING?
¶ 8. The trial court is not required to have an evidentiary hearing to address the merits of a motion for post-conviction relief. Absent any evidence of abuse of discretion, we affirm the court’s decision to deny Cook an evidentiary hearing on his motion.
¶ 9. For the foregoing reasons, we affirm the trial court.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*779 McMILLIN, C J., AND KING, P.J., THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., AND GRIFFIS, J., NOT PARTICIPATING.