883 So.2d 607 (2004)
Charles Wayne JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01490-COA.
Court of Appeals of Mississippi.
July 20, 2004.
Rehearing Denied October 5, 2004.
*608 Charles Wayne Johnson, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellant.
EN BANC.
BRIDGES, P.J., for the Court.
¶ 1. As a preliminary procedural matter we note that Charles Wayne Johnson's motion for post-conviction relief is time barred under Mississippi Code Annotated Section 99-39-5(2) (Rev.2001), and barred as a successive writ under Mississippi Code Annotated Section 99-39-23(6) (Rev.2001). However, our discussion of the issues raised in his appeal is below.
¶ 2. On March 6, 1998, Charles Johnson entered a plea of guilty to the crime of two counts of sale of cocaine and was sentenced to two ten-year sentences, to be served consecutively, with a five-year period of post-release supervision. Johnson had been indicted as an habitual offender and under the enhanced punishment statute of Mississippi Code Annotated § 41-29-147 (Rev.2001). These portions of the indictment were withdrawn as part of the plea agreement with the State.
¶ 3. In 1999, Johnson filed his first motion for post-conviction relief, seeking to have his conviction and sentences set aside. The motion was denied by the circuit court without an evidentiary hearing and Johnson failed to file a timely notice of appeal.
¶ 4. Johnson again filed for post-conviction relief on July 18, 2002. In this motion, Johnson argued that his sentence was illegal, in that he was not entitled to probation because he had been convicted of prior felonies; that his convictions were invalid because his pleas were motivated by the inducement of an illegal sentence; and that the sentencing order was void in that it allegedly failed to separately impose sentence on each of the convictions. The present appeal was taken from the order denying Johnson relief.
¶ 5. In denying relief, the court found that Johnson's claim that his sentence was illegal was without merit as he was not given probation or a suspended sentence, but was given time on post-release supervision. The court also found that Mississippi Code Annotated § 99-7-2 does not require separate sentencing orders when there is a multiple count indictment.
¶ 6. As noted by the State, although Johnson states five separate issues on appeal, there is actually only one issue raised, that being whether his sentences were illegal and in violation of Mississippi Code Annotated § 47-7-33 (Rev.2001), the statute which grants courts the power to suspend a sentence and place a defendant on probation.
¶ 7. In Goss v. State, 721 So.2d 144, 145(¶ 6) (Miss.1998), cited by Johnson as support for his argument, the court found that sentence time plus probation time cannot exceed the maximum sentence allowed by statute. That holding has since *609 been overruled by the Mississippi Supreme Court in Carter v. State, 754 So.2d 1207, 1209-10(¶ 8) (Miss.2000). The supreme court has now said that a sentence suspended in disregard of the limitations of Mississippi Code Annotated Section 47-7-33 is not an "illegal sentence." Robinson v. State, 836 So.2d 747, 751 (Miss.2002). In any event, Johnson never received a suspended sentence or probation so that these cases do not apply to his case or this appeal.
¶ 8. What Johnson received was a period of post-release supervision under Mississippi Code Annotated Section 47-7-34 (Supp.2003). The fact that Johnson had prior convictions is not relevant in considering this type of sentence. See Robinson, 836 So.2d at 756 n. 10 (Carlson, J., concurring). Johnson will not serve probation, rather he will undergo post-release supervision, an alternative to probation designed specifically for felons. Carter, 754 So.2d at 1208(¶ 4). Accordingly, Mississippi Code Annotated Section 47-7-33 (Rev.2000) does not govern his sentence; rather, his sentence falls under Mississippi Code Annotated Section 47-7-34 (Supp.2003) and comports fully with that statute. There was no error on the part of the court in its sentencing.
¶ 9. Finding that the decision of the circuit court was correct, we affirm.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., SOUTHWICK, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.