BRIDGES, P.J.,
for the Court.
¶ 1. On January 24, 2000, Tommy Preuett (“Preuett”) pled guilty to a reduced charge of manslaughter before the Forrest County Circuit Court. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections. Aggrieved, Preuett appeals from an order of the Forrest County Circuit Court denying his petition for post-conviction relief (PCR) and asserts the following issues which we quote verbatim:
I. WHETHER THE TRIAL COURT ERRED WHEN FINDING TOMMY PREUETT’S GUILTY PLEA WAS VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY GIVEN.
II. WHETHER THE TRIAL COURT ERRED WHEN FINDING THAT TOMMY PREUETT HAD RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO HIS PLEA AND AT SENTENCING.
¶ 2. Finding no error in the lower court’s ruling, we affirm.
ANALYSIS
¶ 3. Preuett asks this Court to review the decision of the trial court denying his petition for post-conviction relief. ‘When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
I. WHETHER THE TRIAL COURT ERRED WHEN FINDING TOMMY PREUETT’S GUILTY PLEA WAS VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY GIVEN.
¶ 4. Preuett contends that his guilty plea was involuntarily entered. He states that he believed he would only receive a five year sentence and would not have pled guilty had he known he would receive a twenty year sentence.
¶ 5. The voluntariness of a confession is a factual inquiry that the trial judge must determine by the totality of the circumstances. Hicks v. State, 812 So.2d 179, 191(¶ 32) (Miss.2002). This Court will not reverse a trial court’s finding that a confession was voluntary and admissible as long as the trial judge applied the correct principles of law and the finding was factually supported by the evidence. Id. We will not reverse if the confession was the product of Preuett’s free and rational choice. Id. Preuett bears the burden of proving that he pled guilty involuntarily, and he must prove this by a preponderance of the evidence. Stevenson v. State, 798 So.2d 599, 602(¶ 7) (Miss.Ct.App.2001).
*1118 ¶ 6. The lower court asked Preuett whether he understood that his sentence would be between one year and twenty years. Preuett responded that he understood. Preuett stated that no one, including his counsel, promised him anything to induce his guilty plea. Preuett indicated that no one told him that the lower court would be “lighter” with him if he pled guilty. Finally, Preuett admitted to committing the crime. Combined with the affidavit of his counsel stating that he did not provide a number of years to, which the lower court might sentence Preuett, this Court can not find any error on the part of the trial court.
II. WHETHER THE TRIAL COURT ERRED WHEN FINDING THAT TOMMY PREUETT HAD RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO HIS PLEA AND AT SENTENCING.
¶ 7. To successfully claim ineffective assistance of counsel, Preuett must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). Preuett must first demonstrate the deficiency of counsel’s performance. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Second, he must demonstrate that the deficiency prejudiced-his defense. Id. Preuett faces a strong, yet rebuttable presumption that his counsel performed adequately, and he must show a reasonable probability that without his counsel’s errors, he would have received a different result. Moody, 644 So.2d at 456. This Court looks at the totality of the circumstances, with deference to counsel’s actions to find a factual basis, for the claim. Id. If this Court finds that counsel was ineffective, the appropriate remedy is to remand the case for a new trial. Id.
¶ 8. Preuett alleges that his counsel was ineffective due to his counsel’s alleged representation that Preuett would receive a reduced five-year sentence, by pleading guilty. Additionally, that his counsel failed to object to the State’s recommendation of the maximum sentence on the pre-sen-tence report. As discussed above, the trial court questioned Preuett on the standard “laundry list” of questions prior to sentencing. This assertion of ineffective counsel is without merit.
¶ 9. Preuett also alleges that his plea counsel was ineffective due to counsel’s failure to produce reports that would have supported Preuett’s version of the facts and could have resulted in mitigation of his sentence, (emphasis added). Preuett alleges that the victim’s autopsy report indicated that the victim had cocaine and alcohol present at the time of his death.
¶ 10. At Preuett’s PCR hearing, the lower court inquired how the victim’s autopsy report would have affected the outcome of Preuett’s guilty plea. Preuett’s PCR counsel explained that the autopsy report corroborated Preuett’s account of the events. Particularly, that the victim was acting strange and irrational before Preuett shot him with a hunting rifle at close range. The information in the autopsy report may have been relevant had self-defense been an issue. However, self-defense was never an issue, as Preuett pled guilty. The lower court concluded that the information in the autopsy report would not have changed the outcome of Preuett’s guilty plea hearing. Furthermore, the autopsy report would not have undermined the lower court’s confidence in the outcome of Preuett’s guilty plea to manslaughter. Accordingly, there is a lack of evidence within the record that there was a reasonable probability of a different outcome, but *1119 for counsel’s error. As such, this Court does not find any error on the part of the lower court.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.