922 So.2d 844 (2006)
Tawain Demetress TROUPE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02432-COA.
Court of Appeals of Mississippi.
February 28, 2006.
*845 Tawain Demetress Troupe, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Tawain Troupe entered a guilty plea to the possession of cocaine in the Circuit Court of Lowndes County. The State filed a motion to amend the indictment to alleged habitual offender status. Relief was granted and as a habitual offender, Troupe was sentenced to serve eight years in the Mississippi Department of Corrections and to pay a fifty-thousand dollar fine. Troupe filed a motion to vacate and set aside the habitual offender sentence. The circuit court denied the motion. Troupe appeals, raising the following issue:
WHETHER TROUPE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO HIS ATTORNEY NOT OBJECTING TO THE CONSTITUTIONAL JURISDICTION OF THE STATE SEEKING TO AMEND THE INDICTMENT TO REFLECT HABITUAL OFFENDER STATUS?
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On August 14, 2001, Tawain Troupe was indicted by the grand jury for the possession of 2.8 grams of cocaine. On August 19, 2002, Troupe was represented by Michael Farrow, attorney at law, and entered a guilty plea to the charge of possession of cocaine. On August 20, 2002 the district attorney filed a motion to amend the indictment to reflect the habitual offender status. The court granted the motion and sentenced Troupe to serve eight years in the Mississippi Department of Corrections and to pay a fifty-thousand dollar fine. Subsequently, Troupe filed a motion to vacate and set aside the habitual offender sentence. The circuit court denied the motion, and the petitioner now appeals claiming ineffective assistance of counsel.

ANALYSIS
¶ 4. To pursue a successful claim of ineffective assistance of counsel, the two-part test from Strickland v. Washington, 466 U.S. 668 at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984) applies. Troupe must show that his counsel's performance was *846 so deficient as to constitute prejudice, and that but for the counsel's errors the outcome in the trial court would have been different. Stevenson v. State, 798 So.2d 599, 601-02 (Miss.Ct.App.2001). For Troupe to challenge his guilty plea on the grounds of ineffective assistance of counsel, he must show that those errors proximately resulted in the guilty plea and that but for the counsel's errors Troupe would not have entered the guilty plea. Reynolds v. State, 521 So.2d 914, 918 (Miss. 1988). "Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Stevenson, 798 So.2d at 602 (citing Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 5. The petitioner claims that his attorney failed to inform him that the trial court was going to amend his indictment to include the habitual offender charge. The petitioner argues that this failure is a violation of Rule 7.09 of the Uniform Rules of Circuit Court and County Court. URCCC 7.09 states that an indictment may be amended to charge the defendant as a habitual offender only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised. Amendments to indictments, like the habitual offender charge, are not separate and distinct charges because the amendments only pertain to the sentencing phase and not to the substance of the offense. Nathan v. State, 552 So.2d 99, 107 (Miss. 1989).
¶ 6. If there is a violation of URCCC 7.09, the cocaine charge could not be amended to include the habitual offender charge. Therefore, the habitual offender charge would have to be a separate and distinct charge. Troupe argues if the habitual offender charge were a separate and distinct charge, a prerequisite to sentencing is an indictment on the charge. He also argues that he did not waive indictment on the habitual offender charge, so the circuit court lacked the jurisdiction to indict Troupe on the habitual offender charge. Based upon this premise, Troupe claims that the attorney's failure to object to the jurisdiction of the circuit court with regard to the habitual offender charge was ineffective assistance of counsel.
¶ 7. Troupe's appeal hinges on whether URCCC 7.09 was violated. If URCCC 7.09 was not violated, there is no basis for an ineffective assistance of counsel claim because the circuit court would have proper jurisdiction over the issue. As stated above, under URCCC 7.09, indictments may be amended to charge the defendant as a habitual offender only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised. In this case, the defendant claims that URCCC 7.09 was violated because his attorney did not tell him that the trial court was going to indict him as a habitual offender. However, URCCC 7.09 does not require the defendant to know whether the trial court will indict him as a habitual offender. Rather, URCCC 7.09 requires that the defendant be afforded a fair opportunity to present a defense and that the defendant not be surprised with the habitual offender amendment. The following facts show that Troupe was afforded a fair opportunity to present a defense and was not surprised with the habitual offender amendment.
¶ 8. On August 19, 2002, the petitioner filed his petition to enter a guilty plea. In the plea, Troupe initialed the plea where it indicated that he understood he would be sentenced as a habitual offender. Additionally, the petitioner initialed the portion of the petition which advises the defendant of the minimum and maximum sentences *847 he could receive if he pled guilty. Therefore, the petitioner can not, now, argue that he was denied an opportunity to present a defense or that he was unfairly surprised when he was sentenced under the habitual offender statute. The mere fact that counsel did not inform the defendant that the State intended to amend the indictment is not a violation of URCCC 7.09.
¶ 9. Because URCCC 7.09 was not violated the petitioner can not show ineffective assistance of counsel for failure to object to the jurisdiction of the circuit court. The circuit court clearly had jurisdiction over the charge under URCCC 7.09. This claim is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF DISMISSAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, JJ., CONCUR.