933 So.2d 998 (2006)
Harvey Lee WINTERS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01779-COA.
Court of Appeals of Mississippi.
May 2, 2006.
*999 Lydia Roberta Blackmon, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Harvey Lee Winters was found guilty of murder on May 17, 2003, in the Holmes County Circuit Court and was sentenced to life imprisonment. Winters now appeals.
I. WHETHER WINTER'S CONSTITUTIONAL RIGHTS WERE VIOLATED BECAUSE HE WAS DENIED AN INITIAL APPEARANCE BEFORE A MAGISTRATE
II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT JURY INSTRUCTION D-5 REGARDING CULPABLE NEGLIGENCE
III. WHETHER THE TRIAL COURT ERRED IN ALLOWING A WITNESS TO TESTIFY TO HEARSAY
IV. WHETHER THE EVIDENCE PRESENTED WAS SUFFICIENT TO SUPPORT THE VERDICT AND/OR WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
V. WHETHER WINTER'S RECEIVED INEFFECTIVE ASSISTANCE FROM COUNSEL
VI. WHETHER WINTERS WAS DENIED A RIGHT TO FAIR TRIAL
¶ 2. Finding no error, we affirm.

*1000 FACTS
¶ 3. On October 27, 2001, several people were socializing at a night club in Holmes County including Winters, Junior Williams and Gregory Veasley, who had been dating William's sister. An altercation ensued and Veasley was shot. Veasley was taken to a hospital in Lexington where he later died. At approximately 4:00 a.m., the morning of the shooting, Officer Sam Chambers of the Holmes County Sheriff's Department informed Winters of his rights and interviewed him. Two days later, Officer Chambers again advised Winters of his rights and talked with him again. Winters states that he pulled his gun during the fight and pointed the gun towards Veasley. Winters claimed that someone hit his arm and the gun went off and shot Veasley in the chest.
¶ 4. On January 9, 2002, Winters was indicted by a grand jury in Holmes County for the death of Veasley. Winters was tried for the crime on May 16 and 17, 2003. At trial, Williams testified that he did not observe Veasley with a gun. Williams testified that the only person he saw with a pistol was Winters and he heard Winters click the pistol. Dr. Timothy Hayne testified that Veasley died of a close, near contact gunshot wound to the chest.

LAW AND ANALYSIS

I. WHETHER WINTER'S CONSTITUTIONAL RIGHTS WERE VIOLATED BECAUSE HE WAS DENIED AN INITIAL APPEARANCE BEFORE A MAGISTRATE
¶ 5. Winters contends that his rights were violated because he was not brought in for an initial appearance before a judicial officer within forty-eight hours as required by the Uniform Rules of Circuit and County Court Rule 6.03. However, Winters did not raise this issue before the trial court. The law is clear that a trial court will not be put in error on a matter not presented for a decision. Moawad v. State, 531 So.2d 632, 634 (Miss. 1988). Therefore, this issue is procedurally barred.

II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT JURY INSTRUCTION D-5 REGARDING CULPABLE NEGLIGENCE
¶ 6. Winters contends that the trial court erred in refusing to grant jury instruction D-5. The instruction stated "[c]ulpable negligence is defined as the omission to do something which a reasonable, prudent person would do, or the doing of something which a reasonable, prudent person would not do, under the circumstances surrounding the particular case. Culpable negligence must be ascertained from the facts of each case." Winters contends that the exclusion of this instruction was harmful to the defense because culpable negligence was not explained to the jury.
¶ 7. The State claims that the record is unclear as to whether or not the instruction was given and, therefore, this Court cannot assume an error from an "opaque record." The State contends that there is no mark on jury instruction number 5 to indicate whether or not the court granted the instruction. The State claims that the instruction is in sequence with the other instructions which were granted by the court, not with those instructions that were refused or withdrawn. Additionally, the State claims that instruction D-5 was renumbered to exclude the notations of "S" and "D," which indicates the party who submitted the instruction, and, therefore, is another indication that the instruction was given.
¶ 8. On appeal, Winters bears the burden of producing evidence to support his *1001 claims. Without a copy of the record to show that this instruction was refused and with indications to the contrary, this Court cannot assume that the court refused to give the jury instruction. Therefore, we cannot find that the court erred in refusing to grant the jury instruction.

III. WHETHER THE TRIAL COURT ERRED IN ALLOWING A WITNESS TO TESTIFY TO HEARSAY
¶ 9. Winters contends that his constitutional rights were violated because the court admitted hearsay testimony. At trial, Mary Kirkwood, the owner of the nightclub, was called to testify. On cross-examination, the State questioned Kirkwood on the events immediately after the shooting as follows:
Q: In the presence of Junior Williams, who was still inside the place after the shooting took place, didn't you tell Harvey Lee Winters `you shot that boy with a gun?'
A: No. When Joyce hollered out, said, "Harvey Lee shot my nephew," that's when I went back in the place and told. I said, "Harvey Lee, they're out here trying to claim that you shot Gregory." And then he said, "I ain't shot nobody. How can I shoot somebody?" And he went inside the place. I said, "Thank you."
Q: You deny making that statement to Junior Williams that
A: I didn't make no statement to Junior Williams.
¶ 10. Thereafter, the state called Junior Williams to testify as a rebuttal witness. The district attorney asked Williams what Kirkwood said to Winters when they reentered the club. Williams responded that Kirkwood told Winters, "Harvey Lee, you shot out there and you shot that boy." Counsel for Winters objected to the testimony. The district attorney countered that the testimony was to impeach Kirkwood. The court overruled the objection.
¶ 11. Winters contends that the statement was inadmissible hearsay. The State contends that the testimony was offered to impeach Kirkwood and was not offered to prove the truth of the matter asserted. Mississippi Rules of Evidence 613 allows the impeachment of witnesses with their prior inconsistent statements. Everett v. State, 835 So.2d 118, 120(7) (Miss.Ct.App. 2003) (holding that a party may impeach a witness by calling other witnesses who will introduce facts discrediting the pervious witness's testimony).
¶ 12. On cross-examination, Kirkwood was given the opportunity to explain or deny the statement and counsel for Winters was afforded the opportunity to further question Kirkwood on redirect. Winters contends that "the State was allowed to use an alleged prior inconsistent statement of Mary Kirkwood under the guise of impeachment for the primary purpose of placing before the jury substantive evidence which is not otherwise admissible as a device to avoid the hearsay rule." But there is nothing to suggest that the State did anything improper in its questioning of the witnesses.
¶ 13. This court has held "that unsworn prior inconsistent statements may be used to impeach a witness's credibility regarding his testimony." Moffett v. State, 456 So.2d 714, 719 (Miss.1984). This Court will not reverse the lower court ruling on the admissibility of evidence absent an abuse of discretion. Stromas v. State, 618 So.2d 116, 119 (Miss.1993). "The trial court is granted substantial leeway in controlling the admission of evidence." Moran v. State, 822 So.2d 1074, 1077(8) (Miss.Ct.App.2002). "The discretion of the trial judge must be exercised within the boundaries of the Mississippi *1002 Rules of Evidence." Ivy v. State, 641 So.2d 15, 18 (Miss.1994). Unless the trial court's "discretion is so abused as to be prejudicial to the accused, this Court will not disturb the trial court's ruling on appeal." Hansen v. State, 592 So.2d 114, 132 (Miss. 1991). Therefore, this issue lacks merit.

IV. WHETHER THE EVIDENCE PRESENTED WAS SUFFICIENT TO SUPPORT THE VERDICT AND/OR WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 14. Winters contends that the trial court erred in refusing to grant a judgment notwithstanding the verdict or a new trial because the evidence was insufficient to support the verdict. Winters claims that there was not enough evidence to find that Winters shot Veasley or, in the alternative, that Winters shot Veasley with deliberate design or intent to kill Veasley.
¶ 15. The applicable standard of review for testing the legal sufficiency of the evidence is that "the court must review the evidence in the light most favorable to the State, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence." McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court will reverse and order a new trial only when the verdict is "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Dilworth v. State, 909 So.2d 731, 737(21) (Miss.2005).
¶ 16. Winters claims there was not enough evidence because there were inconsistencies or discrepancies in the testimony of several witnesses. However, the jury has the discretion whether to accept or reject testimony by a witness and the jury may give consideration to any or all inferences that result from the testimony. Mangum v. State, 762 So.2d 337, 342(12) (Miss.2000). Therefore, regardless of inconsistencies in testimony, the jury has the discretion to determine which testimony to believe. This Court cannot find that a reasonable jury could not find Winter's guilty merely because of inconsistent testimony. This issue is without merit.

V. WHETHER WINTER'S RECEIVED INEFFECTIVE ASSISTANCE FROM COUNSEL
¶ 17. Winters contends that his counsel was ineffective because he failed to file critical motions, failed to subject the State's case to a meaningful adversarial setting, failed to investigate all of the information relating to his innocence and failed to establish or preserve the record. To pursue a successful claim of ineffective assistance of counsel, the two-part test from Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) applies. Winters must show that his counsel's performance was so deficient as to constitute prejudice, and that but for the counsel's errors the outcome in the trial court would have been different. Stevenson v. State, 798 So.2d 599, 601-02 (Miss.Ct.App.2001). "Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Stevenson, 798 So.2d at 602(6) (citing Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 18. Winters claims that his trial attorney failed to submit critical motions because he did not file a motion to dismiss for Winters' failure to receive a timely initial appearance and he did not file a motion to suppress statements Winters made to Holmes County officers. Winters contends that his trial counsel did not pursue potentially helpful witnesses and did *1003 not further investigate the facts of the case. Winters claims that his attorney failed to thoroughly question witnesses and failed to object to statements to establish or preserve the record.
¶ 19. Although Winters alleges his trial counsel was deficient, Winters has failed to show that his counsel's performance was so deficient as to constitute prejudice, and that but for the counsel's errors the outcome in the trial court would have been different. Id. at 601-02(5). Additionally, this Court must consider that there is a presumption that the decisions made by trial counsel are strategic. Id. at 602(6) (citing Vielee, 653 So.2d at 922). Regardless of whether trial counsel's performance was inadequate, Winters has not shown that the outcome of the trial would have been different but for trial counsel's deficient performance.

VI. WHETHER WINTERS WAS DENIED A RIGHT TO FAIR TRIAL
¶ 20. Winters contends that he was denied the right to a fair trial for the errors discussed above. This issue is without merit because this Court did not find errors in the issues discussed above.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.