994 So.2d 829 (2008)
Daniel Lewis JONES a/k/a Big Dan, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00260-COA.
Court of Appeals of Mississippi.
April 15, 2008.
Rehearing Denied July 29, 2008.
Certiorari Denied November 13, 2008.
Daniel Lewis Jones, pro se, attorney for appellant.
Office of the Attorney General by LaDonna C. Holland, attorney for appellee.
Before MYERS, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶1. On February 3, 2003, Daniel Lewis Jones was indicted by a grand jury in Lowndes County for one count of possession of oxycodone and one count of possession of MDMA. On May 14, 2004, the State moved to amend the indictment and charge Jones as a habitual offender. On November 17, 2004, the circuit court granted the State's motion to amend the indictment. That same day, Jones entered a plea of guilty to Count II of the indictment, possession of MDMA, in exchange for a recommendation from the State that Count I, possession of oxycodone, of the indictment and another unrelated charge be retired to the files.
*830 ¶ 2. After an extensive colloquy on the record with Jones, the circuit court allowed Jones to plead guilty to possession of MDMA under Count II of the indictment and followed the State's recommendation. The circuit court retired Count I and the other charge to the files and sentenced Jones to eight years in the custody of the Mississippi Department of Corrections.
¶ 3. In February 2007, Jones filed a motion for post-conviction relief in the Circuit Court of Lowndes County, asserting: (1) that his sentence was illegal because the State should not have been allowed to amend the indictment against him to charge him as a habitual offender and (2) that he received ineffective assistance of counsel because his lawyer failed to object to the amendment of the indictment. The circuit court denied his petition. Finding no error, we affirm the judgment of the circuit court.

STANDARD OF REVIEW
¶ 4. We will not reverse the denial of a motion for post-conviction relief by a circuit court absent a finding that the trial court's ruling was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)).

DISCUSSION

(1) Jones is not serving an illegal sentence.
¶ 5. This Court has previously held that "indictments may be amended to charge the defendant as a habitual offender only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." Troupe v. State, 922 So.2d 844, 846(¶7) (Miss.Ct.App.2006) (citing URCCC 7.09). In this case, the record indicates that the State filed its motion to amend the indictment against Jones and charge him as a habitual offender in May 2004. However, the State's motion was not granted until November 2004, almost six months later. This interval was sufficient time for Jones to file a motion in opposition or, in the alternative, to prepare to oppose the motion at the hearing where the motion was granted and where he entered his plea of guilty. Therefore, Jones cannot claim that he was unfairly surprised by the amendment of the indictment to charge him as a habitual offender. Accordingly, we find Jones's argument on this issue to be without merit.

(2) Jones received effective assistance of counsel.
¶ 6. In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that his or her counsel's performance was deficient, and that but for the deficiency, the outcome of the case would have been different. Donnelly v. State, 841 So.2d 207, 211(¶8) (Miss.Ct.App.2003) (citing Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Under the facts in this case, Jones cannot demonstrate that, in allowing the State to amend the indictment, the performance of his counsel was deficient. Here, the requirements of Troupe were satisfied, and Jones received a favorable recommendation from the State in exchange for his plea. The record indicates that Jones signed a written waiver acknowledging that he was pleading guilty as a habitual offender under the amended indictment, and the circuit judge confirmed that fact with Jones in their plea colloquy before he allowed Jones to enter his guilty plea. Given these facts, we cannot say that the performance of Jones's counsel was deficient in any respect. We therefore find Jones's argument on this issue to be without merit and affirm the judgment of the circuit court.
*831 ¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.