MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Thomas Glen Garner pleaded guilty in the Circuit Court of Forrest County to the charge of aggravated assault. Garner was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections and ordered to pay a fíne of $1,500, a $100 assessment to the Mississippi Crime Victims’ Compensation Program, restitution to the victim in the amount of $1,263, and all costs of court. The execution of the sentence was suspended for a three-year period of post-release supervision pursuant to Mississippi Code Annotated section 47-7-34 (Rev. 2004). On December 20, 2005, the circuit court determined that Garner violated the terms of his post-release supervision by testing positive for crystal methamphetamine. The post-release supervision was revoked, and Garner was ordered to serve the full ten-year sentence.
 

 ¶ 2. Garner then filed a motion for post-conviction relief, seeking clarification of his sentence. Garner argued that the sentence was improper and illegal because it did not contain a valid term for post-release supervision. Garner also contended that he was denied effective assistance of counsel. The circuit court summarily dismissed Garner’s motion, and this appeal followed.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s dismissal of a post-conviction relief petition will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶2) (Miss.Ct.App.2004). We “employ[ ] the clearly erroneous standard in determining whether an appellant’s plea was voluntarily given.”
 
 Wilcher v. State,
 
 921 So.2d 400, 401(¶ 3) (Miss.Ct.App.2006) (citing
 
 Stevenson v. State,
 
 798 So.2d 599, 602(¶ 7) (Miss. Ct.App.2001)). “The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence.”
 
 Id.
 
 (quoting
 
 Stevenson,
 
 798 So.2d at 602(¶ 7)).
 

 DISCUSSION
 

 I. WHETHER GARNER’S SENTENCE WAS IMPROPER OR ILLEGAL.
 

 ¶ 4. First, Garner contends that his sentence was improper because it did not contain a valid term of post-release supervision. Garner argues that he was not eligible for a suspended sentence under Mississippi Code Annotated section 47-7-33 (Rev.2004) because he was a previously convicted felon. Garner also alleges that he was improperly sentenced to both probation and post-release supervision simultaneously.
 

 ¶ 5. The State cites to
 
 Jefferson v. State,
 
 958 So.2d 1276, 1279(¶11) (Miss.Ct.App. 2007), arguing that “because [Garner] benefitted from the allegedly illegal sentence imposed by the trial court ... any error committed by the trial court in imposing such illegal sentence [was] harmless.” The State argues that because Garner benefitted from this alleged error, he cannot now complain of prejudice on appeal.
 

 ¶ 6. In this case, Garner pleaded guilty to the charge of aggravated assault and received his ten-year sentence. The circuit court suspended the execution of the sentence for a period of three years on
 
 *631
 
 post-release supervision. Garner received the post-release supervision based upon meeting and maintaining a set of conditions, which Garner violated. As a result, the circuit court revoked the suspension and ordered him to serve the ten-year sentence. Garner’s sentence was suspended pursuant to Mississippi Code Annotated section 47-7-34 (Rev.2004), under the post-release supervision program, not pursuant to Mississippi Code Annotated section 47-7-33.
 

 ¶ 7. The Mississippi Supreme Court noted the difference between section 47-7-33 and section 47-7-34, stating:
 

 Miss.Code Ann. § 47-7-33 provides for supervised probation, while Miss.Code Ann. § 47-7-34 provides for post-release supervision. At least two major differences in these two statutes are (1) supervised probation
 
 may not
 
 be imposed on a convicted felon while post-release supervision
 
 may
 
 be imposed on a convicted felon; and, (2) supervised probation is limited to five years while post-release supervision is not.
 

 Johnson v. State,
 
 925 So.2d 86, 101(¶ 27) (Miss.2006) (quoting
 
 Miller v. State,
 
 875 So.2d 194, 199(¶ 10) (Miss.2004)). The supreme court further explained the differences between probation and suspension of a sentence, stating:
 

 [Wjhile both probation and the suspension of sentence involve the trial court’s discretionary and conditional release of a convict from the service of a sentence within the penal system, a probationary sentence is served under the supervision of probation officers, whereas a suspended sentence is served without such supervision, but on such legal terms and conditions as are required by the sentencing judge.
 

 Id.
 
 at 92(¶ 12).
 

 ¶ 8. “By definition, a ‘suspended sentence’ is a unique mechanism by which the court may postpone the imposition of a sentence altogether or delay the execution of a sentence once it has been pronounced.”
 
 Id.
 
 at (¶ 10) (citing 21A Am. Jur.2d,
 
 Criminal Law
 
 § 895). “Simply stated, ‘suspension’ is the restriction placed upon the power of the State to act during that (the suspended portion of a sentence) period.”
 
 Id.
 
 (quoting
 
 Wilson v. State,
 
 735 So.2d 290, 292(¶ 5) (Miss.1999)). However, the circuit court still retains authority to revoke the suspended sentence if the terms are violated.
 
 Id.
 
 at (¶ 12).
 

 ¶ 9. This Court addressed a similar issue in
 
 Johnson v. State,
 
 883 So.2d 607, 608(¶ 2) (Miss.Ct.App.2004), where Johnson was sentenced to two consecutive ten-year prison sentences, with five years’ post-release supervision. Johnson filed a motion for post-conviction relief, claiming that his sentence was illegal because, in light of his prior felonies, he was legally unable to receive probation.
 
 Id.
 
 at 608(¶ 4). However, this Court held:
 

 What Johnson received was a period of post-release supervision under Mississippi Code Annotated Section 47-7-34 (Supp.2003). The fact that Johnson had prior convictions is not relevant in considering this type of sentence. Johnson will not serve probation, rather he will undergo post-release supervision, an alternative to probation designed specifically for felons. Accordingly, Mississippi Code Annotated Section 47-7-33 (Rev.2000) does not govern his sentence; rather, his sentence falls under Mississippi Code Annotated Section 47-7-34 (Supp.2003) and comports fully with that statute. There was no error on the part of the court in its sentencing.
 

 Id.
 
 at 609(¶ 8) (internal citations omitted). In
 
 Sweat v. State,
 
 912 So.2d 458, 461(¶ 9) (Miss.2005), the Mississippi Supreme Court stated:
 

 
 *632
 
 The Court of Appeals has recently held that there is no prejudice suffered when a defendant receives an illegally lenient sentence.
 
 Edwards v. State,
 
 839 So.2d 578, 580-81 (Miss.Ct.App.2003). Further, when the error benefits the defendant in the form of a more lenient sentence, it is harmless error.
 
 Chancellor v. State,
 
 809 So.2d 700, 702 (Miss.Ct. App.2001). The law which relieves defendants from the burden of an illegal sentence applies to situations where the defendant is forced to suffer a greater sentence rather than the luxury of a lesser sentence.
 
 Id.
 

 ¶ 10. From our review of the record, this Court finds no error in the circuit court’s dismissal of Garner’s motion for post-conviction relief. Garner’s sentence was suspended under Mississippi Code Annotated section 47-7-34, and he was given post-release supervision for a three-year period. Garner was required to meet certain terms under the post-release-supervision agreement, but subsequently failed two drug tests and failed to pay his fine, assessment, restitution, and court costs during the supervision period. As a result, his post-release supervision was revoked, and the suspended sentence of ten years was imposed on Garner for his guilty plea to aggravated assault under Mississippi Code Annotated section 97-3-7 (Rev. 2004). We cannot find that the circuit court’s dismissal of the post-conviction relief motion was clearly erroneous. This issue is without merit.
 

 II. WHETHER GARNER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND WHETHER HIS GUILTY PLEA WAS VOLUNTARY.
 

 ¶ 11. Garner argues that he received ineffective assistance of counsel when his attorney failed to object to the terms of his sentence. Garner alleges that the recommendation should have been for three years’ imprisonment suspended for three years’ post-release supervision. Garner argues that his plea was not knowingly, voluntarily, and intelligently made because it was based on the incorrect information provided by his defense counsel-that his sentence would be only three years suspended for time served, and that he would be placed on three years of post-release supervision. Garner argues that the transcript of the plea proceedings demonstrates that his attorney failed to object to the sentence and failed to ensure that he was afforded a speedy trial.
 

 ¶ 12. The State argues that the challenge to Garner’s counsel is only supported by an affidavit from Garner. Further, the State notes that Garner’s sworn testimony during his plea colloquy contradicts his present assertions. Therefore, the State contends that the post-conviction relief motion was without merit and was properly dismissed.
 

 ¶ 13. In order to establish an ineffective assistance of counsel claim, Garner must show “that his counsel’s performance was deficient and that this deficiency prejudiced [Garner’s] defense.”
 
 Thornhill v. State,
 
 919 So.2d 238, 240(¶ 4) (Miss.Ct.App. 2005) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Garner carries the burden of proof to demonstrate ineffective assistance of counsel, and an appellate court “will measure the alleged deficiency within the totality of circumstances.” Id. (citing
 
 Hiter v. State,
 
 660 So.2d 961, 965 (Miss.1995)). “However, a presumption exists that the attorney’s conduct was adequate.”
 
 Id.
 
 (citing
 
 Bums v. State,
 
 813 So.2d 668, 673(¶ 14) (Miss.2001)).
 

 ¶ 14. From a review of the record before us, this Court cannot find that Garner’s counsel was deficient and that this deficiency prejudiced Garner’s defense.
 
 *633
 
 Garner has simply failed to meet his burden of proof in demonstrating that his counsel’s performance was deficient. Further, this Court cannot say that the circuit court’s determination on the record that Garner’s plea was voluntarily, intelligently, and knowingly given was clearly erroneous from the record before us. Therefore, this issue is without merit.
 

 III. WHETHER GARNER PROPERLY RAISED ADDITIONAL ERRORS ALLEGED FOR THE FIRST TIME ON APPEAL.
 

 ¶ 15. In addition, the State points out that in Garner’s original motion for post-conviction relief filed in the circuit court, he only raised two basic errors: (1) that the suspension of his sentence was illegal because of his prior-felony conviction and (2) that he received ineffective assistance of counsel. Therefore, the State argues that these are the only issues that are appealable, citing
 
 Rivers v. State,
 
 807 So.2d 1280, 1281(¶ 5) (Miss.Ct.App.2001) (holding in part that “[i]f a prisoner fails to raise all of his claims in his original petition for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court.” (citing
 
 Williams v. State,
 
 752 So.2d 477, 479(117) (Miss.Ct.App. 1999))).
 

 ¶ 16. This Court previously held in
 
 Haley v. State,
 
 864 So.2d 1022, 1024(¶8) (Miss.Ct.App.2004), that:
 

 [A]n appellate court will not consider or review issues that were not raised in the trial court.
 
 Crenshaw v. State,
 
 520 So.2d 131,134 (Miss.1988). A defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial.
 
 Jones v. State,
 
 606 So.2d 1051, 1058 (Miss.1992). A trial judge cannot be put in error on a matter which was not presented to him for decision.
 
 Logan v. State,
 
 773 So.2d 338, 346(¶ 29) (Miss.2000).
 

 As such, we decline to address Garner’s additional issues raised for the first time on appeal.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.